# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| SHAKIERAH MILLS, | ) |
| | ) |
| Plaintiff, | ) Civil Action File No. |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| MARS WRIGLEY | ) |
| CONFECTIONERY, LLC d/b/a | ) |
| MARS CHOCOLATE NORTH | ) |
| AMERICA and SMX, LLC d/b/a | ) |
| Staff Management | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff Shakierah Mills ("Plaintiff" or "Mills") files this Complaint for Equitable Relief and Damages against Mars Wrigley Confectionery, LLC d/b/a Mars Chocolate North America ("Mars Wrigley") and SMX, LLC d/b/a Staff Management ("SMX") (collectively "Defendants") showing the Court the following:

## INTRODUCTION

1.  Plaintiff brings action for discrimination on the basis of gender/pregnancy in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq*. ("Title VII") to correct the unlawful employment

practices alleged herein. Plaintiff seeks declaratory and injunctive relief, equitable relief, damages, and attorneys' fees and costs.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3. Jurisdiction and venue are proper in the Middle District of Georgia, Albany Division, because Mars Wrigley is located in this District and Division and because the conduct complained of herein took place in this District and Division.

## THE PARTIES

4. Plaintiff is a female citizen of this judicial district.

5. Mars Wrigley is a foreign limited liability company licensed to conduct business in the State of Georgia.

6. Mars Wrigley is an "employer" within the meaning of Title VII and may be served via personal service through its registered agent CT Corporation at 289 S. Culver Street, Lawrenceville, GA 30046-4805.

7. SMX is a foreign limited liability company licensed to conduct business in the State of Georgia.

8. SMX is an "employer" within the meaning of Title VII and may be served via personal service through its registered agent Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

9. Defendants were joint employers of Plaintiff.

10. Defendants entered into a contractual relationship whereby SMX would provide employees, including but not limited to Plaintiff, for Mars Wrigley facilities in North America.

11. Employees recruited by SMX to work at Mars Wrigley facilities performed work for the benefit of Mars Wrigley.

12. Both Defendants exercised significant supervisory control and authority over the locations, assignments, compensation, benefits, hiring and firing decisions and other facets of the employment of those recruited by SMX and working at Mars Wrigley facilities.

13. For example, Mars Wrigley provided the work space, equipment, supplies, and assignments for which it needed SMX to recruit employees.

14. SMX advertised for, hired, and helped train employees for the assignments identified by Mars Wrigley.

15. Both Defendants had and exercised the authority to terminate employees from the Mars Wrigley work assignments.

## ADMINISTRATIVE PROCEEDINGS

16. Plaintiff timely filed a Charge of Discrimination against Mars Wrigley with the Equal Employment Opportunity Commission ("EEOC") on March 23, 2020.

17. Mars Wrigley responded to Plaintiff's Charge of Discrimination asserting that SMX, not Mars Wrigley, was Plaintiff's employer, relying upon the contractual agreement between them.

18. Plaintiff first received notice of the contractual relationship between SMX and Mars Wrigley when the EEOC served her counsel with Mars Wrigley's response on February 28, 2023.

19. Less than 180 days thereafter, Plaintiff timely filed a Charge of Discrimination against SMX with the EEOC on April 12, 2023.

20. Plaintiff files this lawsuit within ninety (90) days of receiving the Notices for Right to Sue for both Charges of Discrimination.

## STATEMENT OF FACTS

21. In the fall of 2019, Plaintiff was approximately six months pregnant.

22. In the fall of 2019, Plaintiff submitted an online application for a position boxing candy at a Mars Wrigley facility in Albany, Georgia.

23. After completing a background check, a supervisor named Shay contacted Plaintiff via telephone and offered her the position with a starting pay of $9.00.

24. Plaintiff accepted the position during the telephone call.

25. Shay instructed Plaintiff to report to the Goodwill Career Center in Albany, Georgia to complete employee orientation on October 30, 2019.

26. Plaintiff reported to orientation as instructed, signed in, and sat down at a computer to begin orientation.

27. Before she could begin the orientation, Shay asked Plaintiff to step outside with her.

28. Once outside, Shay looked down at Plaintiff's pregnant body and asked, "How many months along are you?"

29. Plaintiff told Shay she was six months pregnant.

30. Shay told Plaintiff she would need to talk to management about hiring Plaintiff "because of women complaining about their back and feet and getting nauseated by the smell."

31. Shay instructed Plaintiff to go home and call her after 12:30 p.m. that day.

32. When Shay later returned Plaintiff's call, she called from the number (229) 883-4000, which is a number registered to Mars Wrigley.

33. Shay informed Plaintiff that "management decided not to hire you because of your pregnancy."

34. Shay also stated Mars Wrigley would "think about hiring you after you have the baby."

35. Plaintiff suffered financial loss, out of pocket expenses, mental anguish, humiliation, and other emotional harms as a result of Defendants' violations of federal and state law.

## COUNT I
## PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII

36. Plaintiff incorporates by this reference each of the above paragraphs as if fully set forth herein.

37. Defendants terminated Plaintiff's employment upon learning she was pregnant.

38. Defendants terminated Plaintiff's employment because she was pregnant.

39. Defendants' conduct in terminating Plaintiff's employment because of her pregnancy constitutes unlawful pregnancy discrimination in violation of Title VII.

40. As a direct and proximate result of Defendants actions, Plaintiff has suffered damages, including emotional distress, inconvenience, loss of income and benefits, out of pocket expenses, attorneys' fees and costs, humiliation, and other indignities.

41. Defendants undertook their unlawful conduct intentionally and maliciously with respect to Plaintiff and her federally protected rights, entitling Plaintiff to recover punitive damages against Defendants.

42. Alternatively, Defendants undertook their unlawful conduct recklessly with respect to Plaintiff and her federally protected rights, entitling Plaintiff to recover punitive damages against Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

a. declaratory judgment that Defendants violated the Plaintiff's rights under Title VII;

b. an injunction prohibiting the Defendants from engaging in such unlawful conduct in the future;

c. judgment in favor of Plaintiff against Defendants as to all Counts of this Complaint;

d. reinstatement or an award of front pay;

    e.    full back pay and benefits of employment;

    f.    compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

    g.    punitive damages, against Defendants, in an amount to be determined by the enlightened conscience of the jury, to sufficiently punish Defendants for their conduct toward Plaintiff and deter Defendants from similar conduct in the future;

    h.    special damages for out of pocket expenses Plaintiff would not have incurred but for Defendants' unlawful conduct;

    i.    reasonable attorneys' fees and costs; and

    j.    other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 25th day of July, 2023.

        **LEGARE, ATTWOOD & WOLFE, LLC**

        **Amelia A. Ragan**
        Georgia Bar No. 831387
        aaragan@law-llc.com

125 Clairemont Ave, Suite 380

Decatur, GA 30030
Tel: (470) 823-4000
Fax: (470) 201-1212

Counsel for Plaintiff